**Caleb HUTCHISON, Plaintiff**

v.

**Richard CUTLIFFE, et al., Defendants**

**No. CIV.04–77–B–W.**

United States District Court, D. Maine.

Nov. 10, 2004.

220

Benjamin R. Gideon, Berman & Simmons, P.A., Lewiston, for Caleb Hutchison, Plaintiff.

Edward R. Benjamin, Jr., Thompson & Bowie, Portland, for Richard Cutliffe, Individualy and in his official capacity as a governmental officer, Defendant.

## ORDER ON DEFENDANT CUTLIFFE'S MOTION TO EXCLUDE EXPERT TESTIMONY OF LOU REITER

KRAVCHUK, Magistrate Judge.

Caleb Hutchison alleges that Richard Cutliffe, a law enforcement officer with the Waterville Police Department, violated his constitutional rights by using excessive force against him in connection with an arrest. Cutliffe, while conceding that the facts surrounding this incident are much disputed and therefore not susceptible to brevis disposition, has nevertheless timely moved to exclude plaintiff's expert's testimony in accordance with the scheduling order's *Daubert* motion deadline. (Docket No. 13.) This case is currently scheduled on the court's January trial list. The court has referred this motion to me. I now **DENY** the motion to the extent it seeks to exclude the expert's testimony in its entirety, but I **GRANT–in–PART** the relief requested by Cutliffe.

## Statement of the Case

This litigation stems from an incident occurring on December 29, 2001. Hutchison and a friend, while driving home from the Hampton Inn where Hutchison worked, became involved in an altercation with people in another motor vehicle. One of those people obtained the license plate number of the vehicle Hutchison was driving and the police determined that the registered owner of that vehicle was Caleb Hutchison's father. Following up on his investigative leads, Cutliffe went to the Hampton Inn to speak with Hutchison. He escorted him into a private room to talk with him about the incident. Although Hutchison propped the door open, Cutliffe closed the door of the conference room. Some type of confrontation occurred between the two and ultimately Cutliffe used force on Hutchison resulting in a broken nose.

Hutchison's expert, Lou Reiter, is a former Deputy Chief of Police of the Los Angeles Police Department. Reiter was designated as an expert to offer an array of opinions regarding accepted police practices and police training and procedures. Specifically, Reiter would testify, among other things, that in his opinion, "[t]he version of events from Mr. Hutchison would constitute unreasonable use of force by a police officer which would be contrary to generally accepted practices." (Reiter Expert Report ¶ 18.) Cutliffe seeks to exclude Reiter's testimony on the grounds that it offers legal conclusions rather than factual information, it depends upon an unwavering acceptance of what are essentially disputed facts, and it unnecessarily invades the province of the jury without providing them any specialized knowledge.

## Legal Standard Applicable

The First Circuit has explained that:

Federal Rule of Evidence 702 imposes an important gatekeeper function on judges by requiring them to ensure that three requirements are met before admitting expert testimony: (1) the expert is qualified to testify by knowledge, skill, experience, training, or education; (2) the testimony concerns scientific, technical, or other specialized knowledge; and (3) the testimony is such that it will assist the trier of fact in understanding or determining a fact in issue. *See* Fed. R.Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (discussing trial judge's role in screening scientific expert testimony for reliability and relevancy); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (extending *Daubert*'s gatekeeping obligation to technical and other specialized expert testimony); *Diefenbach,* 229 F.3d at 30 (setting forth three requirements of Rule 702).

*Correa v. Cruisers, a Div. of KCS Intern., Inc.,* 298 F.3d 13, 24 –25 (1st Cir.2002)

In *Kumho Tire Company, Ltd. v. Carmichael* the United States Supreme Court made clear that the trial judge's "gatekeeping" obligation vis-à-vis expert testimony applies not only to "scientific" knowledge, but also to "technical" or "other specialized knowledge." 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The trial court must remember that "[t]he ultimate purpose of the [expert evidence] inquiry is to determine whether the testimony of the expert would be helpful to the jury in resolving a fact in issue." *Cipollone v. Yale Indus. Prod., Inc.,* 202 F.3d 376, 380 (1st Cir.2000); *accord Hochen v. Bobst Group, Inc.,* 290 F.3d 446, 452 (1st Cir.2002) (quoting *Cipollone*).

■ Reiter is clearly highly qualified to hold opinions about police use of force and

his expert report contains information about police practices and procedures, including the so-called "use of force/control/subject resistance matrix, continuum or graphic" that involves the type of specialized knowledge one attributes to an "expert." It seems to me that the dispute in this case centers on the question of whether Reiter's testimony is such as will assist the trier of fact in understanding or determining a *fact* in issue. Specifically, the trier of fact must determine if Cutliffe's use of force was reasonable under the totality of the circumstances test of *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Supreme Court case that will ultimately guide the court's legal instructions to the jury. In this case, the jury's factual determination of reasonableness is further complicated by the court's own analysis of qualified immunity that will involve a similar, but different test of reasonableness applied to the same set of facts as determined by the jury. *See Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Clearly the jury's primary role in this case will be to determine what happened behind the closed door. Once those facts are established, if the court determines Cutliffe is not entitled to qualified immunity as a matter of law, then the jury's factual assessment of the reasonableness of the degree of force becomes the ultimate issue in the case. That being said, it seems to me that Reiter's testimony could provide some admissible assistance in determining the subsidiary facts that will ultimately guide the resolution of this case.

■ I agree with Cutliffe's argument that Reiter should not be allowed to opine about the ultimate reasonableness of the degree of force applied. This is so not because the reasonableness of the degree of force is the ultimate factual determination in the case, but because, as Cutliffe says, "once a jury decides which set of facts it believes, it will be within their ability as lay persons to decide whether the use of force was reasonable or not." The summary judgment cases that Cutliffe cites are inapposite for that very reason. *See e.g., Vincent v. Town of Scarborough,* Civ. No. 02–239–P–H, 2003 WL 22757940 (D.Me.2003), *aff'd* 2003 WL 23004993. On a motion for summary judgment the expert's opinions are irrelevant because the facts are not disputed and the court determines as a matter of law whether those facts support a constitutional violation. In the present case, where the facts are very much disputed, an expert's opinion and knowledge could conceivably help the jury determine the underlying facts, even though it would not aid the jury's understanding of the ultimate fact.

Hutchison cites four areas where he contends Reiter's testimony could aid the jury:

- The mechanics of a "controlled takedown" and the use of this technique to avoid serious injuries to a suspect.
- The continuum of force alternatives available to trained police officers to control members of the public who do not cooperate fully with them.
- The existence of the phenomena known as "contempt of cop" wherein officers bring questionable charges of resisting arrest or assault upon an officer to cover up their own inappropriate conduct.
- The implications of the *Miranda* decision upon a trained police officer who has been taught that if during a custodial interrogation a person requests an attorney, questioning should cease rather than escalate into a brawl.

These areas are disclosed in the expert designation at paragraphs 13, 18, 19, and 20. I believe all four of these areas could conceivably provide the jury with informa-

tion that would assist them in determining which version of events was more likely true than not. For that reason Reiter should not be precluded from testifying, although his proffered testimony about the "reasonableness" of Cutliffe's actions should be excluded because his opinion on that score depends upon nothing more than a regurgitation of Hutchison's version of the events and his personal conclusion about the reasonableness of Cutliffe's responses.

### Conclusion

Based upon the foregoing, the motion to exclude Reiter's testimony is **DENIED**, subject to the limitations set forth in this memorandum of decision.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

***So Ordered.***